**FILED**

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

2011 MAR -8  AM 11: 49

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

PLAINTIFF
WILLIAM GREGORY ROBERTS
An Individual

V.                                    Civil Action No:  5:11-CV-120-OC - 32 MCR

CHOATE CONSTRUCTION COMPANY
A Georgia Corporation

And

SHAWN ALLEN
In his personal and professional capacity

And

JOHN W. ALDEN
In his personal and professional capacity

And

Douglas B. Lang
In his personal and professional capacity


COMPLAINT AND DEMAND FOR A JURY TRIAL
AND PLAINTIFFS REQUEST FOR A PROTECTIVE ORDER
AND INJUNCTIVE RELIEF

This action is for damages to the Plaintiff for the Defendants violation of Federal Law

and the violation of the Plaintiffs Civil Rights. The defendants violated Federal Statute

and Plaintiffs Civil rights specifically Title 18 part one (1) chapter 73 1512 Tampering

with a witness, victim or informant

1. This Court has Jurisdiction over the parties as Plaintiff was at all times a resident of

Lake County Florida and all of the acts took place while plaintiff was a resident of Lake County and under this courts jurisdiction.

2.  Choate Construction Company is a Georgia Corporation and was Constructing a parking Garage when it collapsed during construction which led to the OSHA Investigation in which plaintiff was requested to participate.

3.  Shawn Allen has at all times to plaintiff's best knowledge and belief acted as General Counsel for Choate Construction during all relevant times.

4.  John W. Alden is an attorney at Kilpatrick Stockton LLP and resides in Atlanta Georgia and was the Counsel representing Choate Construction during all relevant times in regards to these matters.

5.  Douglas B. Lang was acting as counsel for Choate Construction Company at all relevant times in regards to this matter and is an attorney in Jacksonville Florida.

COUNT ONE
VIOLATION OF TITLE 18 PART 1 CHAPTER 73 1512 (B) (1), (2) (a) (2)
(d) (c) (2) and (d) (1)

6.  The Defendants in this matter violated the law by requesting that the Plaintiff alter his testimony regarding Sohill Rouhi and information regarding a garage collapse and offered to settle litigation between the Plaintiff and the Defendant Choate Construction (a civil action in Lake County Florida) and when Plaintiff refused the Defendants conspired and succeeded in retaliating against the Plaintiff. The Defendant Choate Construction amended its complaint against the Plaintiff and included in its complaint knowingly false counts in an attempt to harass and intimidate the Plaintiff and in retaliation for the Plaintiffs filing a complaint against the Defendant and its attorneys with the presiding

Judge in a Matter involving the Department of Labor V Choate construction,

7.  Choate's attorney John W Alden filed with the court a motion which in pertinent part included a statement "OSHA used Mr. Roberts statement in deciding to issue Citation 1, Item 1, Instance (b) to Choate and its decision to classify the violation as willful" clearly showing that the Defendants held the Plaintiff responsible for the Citation for the Willful Violation issued by the Department of Labor.

8.  On October 22nd 2008 the plaintiff was contacted by Judge Nancy Spies of the Occupational Safety and Health Review Commission and the Judge requested Plaintiff to withdraw his motion filed in the Court and to continue his deposition and that Mr. Alden would be instructed on how to proceed without further violating Plaintiffs rights.

9.  On October 22nd 2008 at about 1:22 PM an Attorney representing Choate Construction contacted the Plaintiff and informed him that if he did not withdraw the motion to quash the subpoena that he (Mr. Alden) would subject the plaintiff to even further legal action. When the Plaintiff refused the Attorney John W. Alden informed Plaintiff that if his testimony could be found more favorable to Choate regarding Plaintiffs testimony to OSHA that they (Choate Construction) would be able to settle the litigation they had instituted against the Plaintiff in Lake County, Florida.

10.  Plaintiff confirmed the offer with Mr. Shawn Allen (general counsel for Choate) and when speaking to Judge Spies the following day attempted to inform her of this information.  Plaintiff was informed by the Judge that she could not hear this and that any matter like this must be in writing.

11.  On or about November 21st, 2008 Plaintiff filed a complaint with Judge Spies and was told that the rules do not allow her to accept filings through E-Mail. Plaintiff then

filed it and had it served on the Defendant John W. Alden and with the court and Dane L. Steffenson an attorney with the Secretary of Labor January 14th, 2009.

12.   On or about March 4th, 2009 Plaintiff received a subpoena from the Secretary of Labor that required him to provide testimony in the matter of Secretary Of Labor V Choate Construction on March 24th, 2009

13.   On or about February 20th, 2009 Choate Construction filed an amended complaint against the plaintiff (36 days after Plaintiff served a copy of the complaint on the Defendant and its attorneys) and it included among other things several knowingly false claims against the plaintiff that the defendant knew at all times to be false. The defendants used the power of the Courts to deliberately retaliate against the plaintiff for his reporting of the illegal behavior and his defiant refusal to alter his testimony to meet their needs.

14.   Defendant has most recently attempted again to deter the plaintiff from providing testimony against Choate in a matter in Atlanta Georgia in which the owner of the project is suing Choate Construction for, among other things, willfully overbilling the project in excess of $400,000.00 dollars (which plaintiff reported and was sued for reporting). Plaintiff was told in a letter that providing testimony in this matter would be in violation of the Courts order yet Choate knew at all times that the plaintiff had already been properly subpoenaed and was required to attend and provide the testimony.

15.   The documents attached as Exhibit A clearly show that Choate has again tried to intervene in the Plaintiff providing testimony, not only trying to have the plaintiff jailed based on false statements but the assertion that plaintiff would be violating a court order by providing testimony.  The defendant Shawn Allen (of Choate Construction Company)

was provided a copy of the subpoena by email on the 27th, of October. The defendant

wrote the letter on October 28th, 2010 defendant Shawn Allen and Choate construction

had full knowledge that Plaintiff was scheduled to testify and provided this information

to their Attorney Douglas B. Lang who sent the letter to the Plaintiff.

16.  On or about February 3rd, 2011 Choate and its attorneys continued to attempt to

prevent Roberts from testifying truthfully as they incorporated into a offer of settlement a

punishment of contempt if Mr. Roberts testified in a manner adverse to Choate, again

trying to intimidate Mr. Roberts from testifying truthfully now or in the future.

17.  It will require the intervention of this Court to stop the Defendants and their

retaliatory behavior and to prevent further misconduct, as there has been no other action

to deter the Defendants from this behavior they have continued unabated with this Illegal

and unethical behavior.


## MEMORANDUM OF LAW

18.  Plaintiff is entitled to the protection of this Court and relief from the misconduct of

the Defendants; the defendant's have shown a clear pattern in the retaliation, intimidation

and harassment of the Plaintiff. Defendants violations of Title 18 part 1 Chapter 73 1512

(b) (1) (2d), (c) (2), (d 1) is within the Jurisdiction of this Court. And this Court has the

power to grant the Plaintiff relief from the misconduct and issue a protective order to

prevent further misconduct.  Title 18 1512 (g) in a prosecution for an offense under this

section, no state of mind need be proved with respect to the circumstance. Title 18 1512

(i) allows this court the authority to protect the plaintiff and issue any orders required. In

the plain and simple language of the Statute, Choate and its attorneys, (the Defendants)

violated the Law by using threats of further legal action in an effort to have the Plaintiff alter his testimony during an official investigation, and then violating the statute again by offering the Plaintiff a resolution in another case in exchange for more favorable testimony during an official investigation. Defendants again violated the Statute by amending a complaint in a court proceeding and including knowingly false counts in an effort to intimidate, harass and retaliate against the Plaintiff for his reporting the misconduct and his refusal to alter his testimony.

Wherefore Plaintiff respectfully requests this Court to take any and all action that it deems fit to:

1. Prevent any further misconduct against Plaintiff and properly enjoin defendants from any further retaliatory action against Plaintiff.

2. That this Court makes any appropriate sanctions against Defendants that would prevent any further misconduct in any current or future proceedings in which they are involved.

3. That this Court take any further action including forwarding this complaint and any recommendations to the Federal Prosecutors office for further action.

Respectfully Submitted


I HEREBY CERTIFY that these statements are true and correct to the best of my knowledge and belief.



WILLIAM GREGORY ROBERTS

601 Cricket Hollow Lane
Eustis Florida 32726

321-256-2447

United States of America
## OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION
1924 Building - Room 2R90, 100 Alabama Street, S.W.
Atlanta, Georgia 30303-3104

Phone: (404) 562-1640

Fax: (404) 562-1650

March 19, 2009

Mr. William Greg Roberts
601 Cricket Hollow Lane
Eustis, FL   32727

Re:   *Secretary of Labor v. Choate Construction Co.*
      OSHRC Docket No. 08-0929

Dear Mr. Roberts:

At the hearing scheduled for next week, I hoped to discuss with you and the parties your letter which I received on January 16, 2009. Because the Secretary and Choate Construction Co. (Choate) have now settled the case before me, I have cancelled the hearing. I will not have the opportunity to speak with all of you concerning this matter.

You asserted an accusation about the conduct of the attorney for Choate. By letter dated January 20, 2009, the attorney for Choate in this case disputed your assertion in the strongest terms. You are also involved in another legal dispute between yourself and Choate arising from your previous Choate employment. The same law firm, although not the same attorney, represents Choate in that case. You are, or were, also represented by counsel in this other case.

I mentioned in my November 21, 2008, letter to you, which responded to your e-mail on the same subject, that your allegations are quite serious. Yet, I do not believe I am the appropriate person or that I provide the appropriate forum to resolve any complaints between you and the attorney for Choate. I cannot assist you in this matter.

I would only add that I appreciated your cooperation in continuing your deposition during the discovery stage of this litigation.

Sincerely,

Nancy J. Spies
Judge

NJS/nfs

cc:   Dane L. Steffenson, Esq.
      John W. Alden, Esq.

**EXHIBIT**  A

Department of Labor V Choate Construction

The Honorable Judge Nancy Spies

Judge Spies,

Please consider this letter a formal request for action against Mr. John W Alden (attorney for Choate) and Mr. Sean Allen (general counsel for Choate). I believe that the action of these two attorneys was not only unethical but illegal as well.

Mr. Alden contacted me regarding my motion filed with the court the same afternoon that I spoke with you regarding this matter (October 22nd 2008) as shown in the phone record attached. He threatened to take action against me if I did not see fit to withdraw my complaint and move forward with the deposition. As these tactics did not work, he began speaking about my case in Lake County, Florida and stated that they could see their way clear to settle my case in Lake County if we could overcome this hurdle and my testimony was found to be favorable to Choate. Their belief was that my testimony to Mr. Borders, along with the information from Sohill Rouhi (engineer of record), was the reason for the Willful Violation and fine. He then told me that Mr. Rouhi stated that he had given us direction in a phone conversation regarding the reshoring requirements for the parking garage and that if my testimony was different from this it would certainly have a different effect on Choate's approach to my lawsuit. I ended the conversation at that time.

I then called Mr. Allen who verified this information, and he agreed that if my testimony could be found favorable to Choate they would see no need to continue the litigation in Lake County. The following morning, Mr. Sean Allen called me and presented an offer in the Lake County litigation in exchange for my favorable testimony, his offer was immediately declined. I believe that this is not isolated behave

They have a proven history of disregard for the rules and laws that govern the rest of us, as shown in their willful disregard for procedures. They have also willfully and maliciously lied in responses to interrogatories and request for admissions in other matters. I can provide documents to prove this statement at your convenience.

I feel they have violated the rights of all of those injured and certainly the family of the man who lost his life in this collapse by their unethical and illegal behavior. I believe that the behavior clearly shows a complete and utter disrespect for the Laws and Process meant to protect us and ensure a fair and just process.

With Respect,

William Roberts
352-636-9912

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY That a True and Correct Copy of the foregoing was provided via United States Mail on this 14th day of January 14, 2009 To:

The Honorable Judge Nancy J Spies
Occupational Safety and Health Review Commission
1924 Building – Room 2R90
100 Alabama Street S. W.
Atlanta Georgia 30303-3104

And

Stanley E Keen Regional Solicitor
c/o Dane L. Steffenson,  Esq.
U S Department of Labor
Office of the Solicitor
61 Forsyth Street S W Room 7T10
Atlanta, Georgia 30303

And

John W Alden
c/o Kilpatrick Stockton, LLP
1100 Peachtree Street Suite 2800
Atlanta Georgia, 30390-4530


William G. Roberts

The Honorable Judge Nancy Spies

In response to your letter dated March 19th, 2009

I filed my complaint in this matter because I felt it was a very serious matter and that it should be addressed.  I felt that not only the ethical violation but the violation of my rights should be properly addressed as I do not intend to be harassed, intimidated nor threatened because my testimony was not favorable to Choate.  I attempted to inform you of this action when we spoke and you instructed me to put my complaint in written form and notice all parties.  As the matter between Choate and the Department of Labor has been settled, I do not believe that it settles the matter of their behavior during this process.

Regarding the matter in Lake County with Choate, Mr. Alden to my knowledge does not work for the firm representing Choate in this matter and, to my knowledge as of this date, his firm has not requested nor been admitted to this action.


Sincerely
William Roberts

CC:   Dane L. Steffenson, Esq.
        John W. Alden, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY That a True and Correct Copy of the foregoing was provided via United States Mail on this 14th day of January 14, 2009 To:

The Honorable Judge Nancy J Spies
Occupational Safety and Health Review Commission
1924 Building – Room 2R90
100 Alabama Street S. W.
Atlanta Georgia 30303-3104

And

Stanley E Keen Regional Solicitor
c/o Dane L. Steffenson,  Esq.
U S Department of Labor
Office of the Solicitor
61 Forsyth Street S W Room 7T10
Atlanta, Georgia 30303

And

John W Alden
c/o Kilpatrick Stockton, LLP
1100 Peachtree Street Suite 2800
Atlanta Georgia, 30390-4530

William G. Roberts



United States of America
**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION**
1924 Building - Room 2R90, 100 Alabama Street, S.W.
Atlanta, Georgia 30303-3104

Phone: (404) 562-1640                                   Fax: (404) 562-1650

March 19, 2009

Mr. William Greg Roberts
601 Cricket Hollow Lane
Eustis, FL   32727

Re:   *Secretary of Labor v. Choate Construction Co.*
      OSHRC Docket No. 08-0929

Dear Mr. Roberts:

At the hearing scheduled for next week, I hoped to discuss with you and the parties your letter which I received on January 16, 2009. Because the Secretary and Choate Construction Co. (Choate) have now settled the case before me, I have cancelled the hearing. I will not have the opportunity to speak with all of you concerning this matter.

You asserted an accusation about the conduct of the attorney for Choate. By letter dated January 20, 2009, the attorney for Choate in this case disputed your assertion in the strongest terms. You are also involved in another legal dispute between yourself and Choate arising from your previous Choate employment. The same law firm, although not the same attorney, represents Choate in that case. You are, or were, also represented by counsel in this other case.

I mentioned in my November 21, 2008, letter to you, which responded to your e-mail on the same subject, that your allegations are quite serious. Yet, I do not believe I am the appropriate person or that I provide the appropriate forum to resolve any complaints between you and the attorney for Choate. I cannot assist you in this matter.

I would only add that I appreciated your cooperation in continuing your deposition during the discovery stage of this litigation.

Sincerely,

Nancy J. Spies
Judge

NJS/nfs

cc:     Dane L. Steffenson, Esq.
        John W. Alden, Esq.

### SUBPOENA AD TESTIFICANDUM

# UNITED STATES OF AMERICA

## OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

*To*  William Gregory Roberts

601 Cricket Hollow Lane, Eustis, Florida 32726

*Request therefor having been duly made by*  Dane L. Steffenson, Attorney

U.S. Department of Labor, Office of the Solicitor

*of* 61 Forsyth St., SW         Atlanta            Georgia
       (Street)                   (City)             (State)

*YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR before*

the Honorable Nancy J. Spies

*of the Occupational Safety and Health Review Commission, at*  U.S. Tax Court,

6th Floor, Courtroom No. 6A, 300 North Hogan

*in the City of* Jacksonville, Florida

*on the* 24th *day of* March ,XXX 2009, *at* 9 *o'clock* a. m.

*of that day, to testify in the Matter of*

Secretary of Labor v. Choate Construction Company

*OSHRC Docket No.* 08-0924

S- 22456

*In testimony whereof, the seal of the Occupational Safety and Health Review Commission is affixed hereto, and the undersigned has hereunto set hand and authorized the issuance hereof.*

*Issued at* Atlanta, GA

*this* 27th *day of* February ,XX 2009

---

**NOTICE TO WITNESS.** —Witness fees for attendance, subsistence, and mileage, under this subpoena are payable by the party at whose request the witness is subpoenaed. This subpoena should be retained and submitted with the voucher if reimbursement for witness fees from the U.S. Government is claimed.

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| U.S. Equal Employment Opportunity Commission | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:08-CV-910-J-34-MCR |
| Choate Construction Company, Inc. | ) | |
| | ) | *(If the action is pending in another district, state where:* |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Mr. Greg Roberts c/o Earnest Deloach, Esq.
    37 N. Orange Ave., Suite 500 Orlando FL 32801

    ☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 37 N. Orange Ave. Suite 500<br>Orlando, FL 32801 | Date and Time:<br>    09/30/2009 11:00 |
|---|---|

    The deposition will be recorded by this method:   Court Reporter

    ❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/06/2009

    *CLERK OF COURT*
                           OR

| | |
|---|---|
| | /s/ Aarrin Golson, Esq. |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     **US EEOC**
c/o Aarrin Golson 2 South Biscayne Blvd., Suite 2700, Miami, FL 33131   , who issues or requests this subpoena, are:
aarrin.golson@eeoc.gov

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**The Arbitration Tribunals of the**
**American Arbitration Association**

**In the Matter of Arbitration between**

**CHOATE CONSTRUCTION COMPANY,**
*Claimant/Counterclaim Respondent,*
-and-

**BERKMAN PLAZA 2, LLC,**
*Respondent/Counterclaimant/Claimant*
-and-

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND,**
**ZURICH AMERICAN INSURANCE COMPANY, AND**
**FEDERAL INSURANCE COMPANY,**
*Respondents.*

**Subpoena**

**File No. 30 110 J 00563**

FROM THE PEOPLE OF THE STATE OF:  GEORGIA

To:
William Greg Roberts
601 Cricket Hollow Lane
Eustis, FL 32726

GREETINGS:

WE COMMAND YOU that, all business and excuses being laid aside, you appear and attend before Roger Harper, Bruce Cuthbertson, and David Taylor, arbitrators(s) acting under the arbitration law of this state, at the offices of the American Arbitration Association located at 2200 Century Parkway, Suite 300, Atlanta, Georgia 30345-3203, on the __8th__ day of November, 2010, at __8:30__ o'clock a./p.m., to testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

Signed: _____

David K. Taylor

Date:___10/12/10___

Requested by:
Philip E. Beck
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone: (404) 521-3800

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by postage prepaid first class U.S. Mail and email to all counsel in this matter, this $21^{th}$ day of October, 2010.

SMITH, CURRIE & HANCOCK LLP
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227
Telephone: (404) 521-3800
Facsimile: (404) 688-0671

*Philip E. Beck*

_____
Philip E. Beck
Georgia Bar No. 046015
John E. Menechino, Jr.
Georgia Bar No. 502010
C. Damon Gunnels
Georgia Bar No. 043866

Attorneys for Berkman Plaza 2, LLC

## SERVICE LIST

E.A. "Seth" Mills, Jr., Esq.
Kevin M. Mekler, Esq.
Jeffrey M. Paskert, Esq.
Adam C. King, Esq.
Mills Paskert Divers
100 North Tampa Street
Suite 2010
Tampa, FL 33602
smills@mpdlegal.com
kmekler@mpdlegal.com
jpaskert@mpdlegal.com
aking@mpdlegal.com

Brian G. Corgan, Esq.
Blair Andrews, Esq.
Chad Theriot, Esq.
Kilpatrick Stockton, LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
bcorgan@kilpatrickstockton.com
bandrews@kilpatrickstockton.com
ctheriot@kilpatrickstockton.com

Toby C. Pilcher, Esq.
Fidelity and Deposit Company of
Maryland/Zurich American Insurance
Company
Contract Surety Bond Claims
P.O. Box 968033
Schaumburg, IL  60196
toby.pilcher@zurichna.com

Shawn E. Allen, Esq.
Choate Construction Company
8200 Roberts Drive
Atlanta, GA  30350
sallen@choateco.com

## BLEDSOE, JACOBSON, SCHMIDT,
## WRIGHT, LANG & WILKINSON

ATTORNEYS AT LAW

| | | |
|---|---|---|
| BLEDSOE, SCHMIDT, LANG & WILKINSON, P.A.<br><br>JAMES A. BLEDSOE, JR.<br>TERRANCE E. SCHMIDT<br>DOUGLAS B. LANG<br>GARY L. WILKINSON | 1301 RIVERPLACE BOULEVARD<br>SUITE 1818<br>JACKSONVILLE, FLORIDA 32207<br><br>TELEPHONE (904) 398-1818<br>FACSIMILE (904) 398-7073 | JACOBSON & WRIGHT, P.A.<br><br>SAMUEL S. JACOBSON<br>KENNETH B. WRIGHT*<br>*BOARD CERTIFIED CIVIL TRIAL LAWYER |

October 28, 2010

**Via facsimile to: 352-343-5301**
Jerri A. Blair, Esquire
131 West Main Street
Tavares, FL 32778-0130

Re:   Choate Construction Company v. Roberts
        Case No. 2008-CA-001457

Dear Ms. Blair:

This letter follows-up my earlier letter of today. My client has instructed me to advise that if Mr. Roberts is subpoenaed to testify in the arbitration proceeding involving Choate that his testimony will not be deemed to violate Judge Semento's order even should he testify about confidential documents or information. However, this waiver is limited only to the arbitration proceeding and will not in any way whatsoever bar or preclude Choate from enforcing the order in the future.

On the issue of settlement, we need to get it done as soon as possible.

Please call me to discuss at your earliest opportunity. I look forward to hearing from you.

Very truly yours,

Douglas B. Lang, Esquire

# BLEDSOE, JACOBSON, SCHMIDT,
# WRIGHT, LANG & WILKINSON

### ATTORNEYS AT LAW

BLEDSOE, SCHMIDT, LANG & WILKINSON, P.A.

JAMES A. BLEDSOE, JR.
TERRANCE E. SCHMIDT
DOUGLAS B. LANG
GARY L. WILKINSON

1301 RIVERPLACE BOULEVARD
SUITE 1818
JACKSONVILLE, FLORIDA 32207

TELEPHONE (904) 398-1818
FACSIMILE (904) 398-7073

JACOBSON & WRIGHT, P.A.

SAMUEL S. JACOBSON
KENNETH B. WRIGHT*

*BOARD CERTIFIED CIVIL TRIAL LAWYER

October 28, 2010

**Via facsimile to: 352-343-5301**
Jerri A. Blair, Esquire
131 West Main Street
Tavares, FL 32778-0130

Re:   Choate Construction Company v. Roberts
      Case No. 2008-CA-001457

Dear Ms. Blair:

I received your fax of yesterday indicating that you met with Roberts about the settlement offer and he needed a couple of days to think about it and there were likely to be some modifications. I called to speak with you but I was told that you were out at the doctor's office having your hand examined. I hope that your hand is not broken.

First, I have learned that Mr. Roberts plans on testifying in an arbitration proceeding involving Choate in the very near future and such testimony will no doubt violate Judge Semento's order. I assume that you were unaware of Roberts' intentions and would not have done anything to aid him. Of course, if this delay in resolving the settlement has facilitated Roberts by providing him with opportunity to testify (which he would not have had had I proceeded with contempt due to his non-compliance) then it certainly creates, at the least, the wrong appearance.

Now that you are aware of this information, I assume that you will make certain that Mr. Roberts understands his obligations and the consequences of a violation of the order.

On the issue of settlement, the offer expires today. We need to get it done now and there is very limited flexibility in negotiating any of the terms.

Page 1 of 2

Please call me to discuss as soon as possible. I look forward to hearing from you.

Very truly yours,

Douglas B. Lang, Esquire

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

CHOATE CONSTRUCTION
COMPANY, a Georgia corporation,

Case No.: 2008-CA-001457

     Plaintiff/Counter-Defendant,

v.

WILLIAM GREGORY ROBERTS,
individually,

     Defendant/Counter-Plaintiff.

_____/

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, William Gregory Roberts, by and through his undersigned attorney, moves for a protective order and states:

1.    Plaintiff served discovery requests on plaintiff and subsequently obtained an order of contempt which provided that upon plaintiff's filing of an affidavit of non-compliance of defendant, the court would issue a warrant for defendant's arrest.

2.    Defendant has provided, or offered to provide the discovery requested by plaintiff and has complied with the discovery requests to the best of his ability.

3.    Plaintiff has asked defendant to sign a stipulated final judgment which incorporates language that defendant is not agreeable to.

4.    Attorney for Plaintiff has threatened that if the defendant does not sign the stipulated final judgment, he would file an affidavit of non-compliance with the court and seek to have the defendant arrested and incarcerated for his non-compliance.

WHEREFORE, defendant, William Gregory Roberts, respectfully requests that this court enter a protective order to protect William Gregory Roberts from being arrested for noncompliance due to an affidavit of noncompliance being filed by plaintiff, amend the court's previous order so that plaintiff may not continue to inappropriately misuse the order to threaten defendant, and require plaintiff and plaintiff's counsel to pay reasonable attorney's fees and expenses incurred in connection with this motion.

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to Douglas B. Lang, Esq., 1301 Riverplace Boulevard, Suite 1818, Jacksonville, FL 32207, (904-398-7073) by facsimile and mail this 7th day of January, 2011.

JERRI A. BLAIR
Florida Bar No. 0525332
JERRI A. BLAIR, P.A.
P.O. Box 130
131 West Main Street
Tavares, Florida 32778
(352) 343-3755

motion for protective order

2