UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM GREGORY ROBERTS,

           Plaintiff,

vs.                                                        Case No.  5:11-cv-120-Oc-33MCR

CHOATE CONSTRUCTION COMPANY,
SHAWN ALLEN, JOHN W. ALDEN, and
DOUGLAS LONG

           Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Complaint (Doc. 1) as well as Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to proceed in forma pauperis.  This affidavit sufficiently shows that Plaintiff is indigent.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915(a)(1).   However, when an application to proceed in forma pauperis is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2).

An in forma pauperis complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989).  In reviewing the Complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action.  See GJR Investments, Inc. v. County of Escambia Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  In the present case, the Court has reviewed Plaintiff's Complaint and finds it sufficient to survive the frivolity review.  As such, the Court finds the application to proceed in forma pauperis contained in Plaintiff's Affidavit of Indigency is due to be **GRANTED**.

Out of an abundance of caution, the Court hereby reminds Plaintiff that he is responsible for preparing the summons to be served.  The Clerk of the Court shall send Plaintiff a blank Summons to be completed and returned to the Clerk's Office for service by the United States Marshal.  Plaintiff should be aware of Rule 4(m), Federal Rules of Civil Procedure, which relates to the service of process:

> **Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff show shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Plaintiff is hereby informed that failure to timely or otherwise properly perfect service may, under some circumstances, result in the dismissal of the action in its entirety as to any Defendant(s) not properly served.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  9th  day of March, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party