**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

WILLIAM GREGORY ROBERTS,

        Plaintiff,

vs.                                            Case No. 5:11-cv-120-Oc-32TBS

CHOATE CONSTRUCTION COMPANY;
SHAWN ALLEN; JOHN W. ALDEN; and
DOUGLAS B. LANG,

        Defendants.

## ORDER

This case is before the Court on defendants Choate Construction Company, Shawn Allen,[1] John Alden,[2] and Douglas Lang's[3] ("Defendants") Motions to Dismiss (Docs. 6, 14, 15, 20), and pro se plaintiff William Gregory Roberts's Responses (Docs. 10, 30).

**I.    Background**[4]

According to the Complaint, Roberts is a former employee of Choate Construction Company. (Doc. 1 at 13.) In addition to the prior employment relationship, Choate has sued

---

[1] Shawn Allen is the alleged General Counsel for Choate Construction Company. (Doc. 1 at ¶ 3.)

[2] John Alden is the alleged Counsel representing Choate Construction Company in the proceedings discussed below. (Doc. 1 at ¶ 2.)

[3] Douglas Lang is also the alleged Counsel representing Choate Construction Company in the proceedings discussed below. (Doc. 1 at ¶ 5.)

[4] Although the Complaint lacks clarity, the Court has attempted to recite the facts as alleged in the Complaint and Exhibit A in the most logical order.

Roberts in Lake County, Florida, on a matter unrelated to this pending action.[5] (Doc. 1 at ¶ 9.) According to the Complaint in the present action, Roberts has testified against or at least has been subpoenaed to testify against Choate multiple times.[6] (See Doc. 1 at 14, 15, 17.) According to Roberts, before one proceeding, Choate requested Roberts alter his testimony about a garage collapse and in return offered to settle the pending lawsuit in Lake County. (Doc. 1 at ¶ 6.) However, Roberts refused. (Id.) Roberts further alleges Choate offered to settle the pending lawsuit in Lake County if Roberts's testimony was favorable to Choate at its OSHRC hearing. (Doc. 1 at ¶ 9.) Roberts instead filed a written complaint letter to OSHRC administrative judge Nancy Spies stating that Choate had threatened to take action against him in another lawsuit for providing unfavorable testimony. (Doc. 1 at ¶ 11; see Doc. 1 at 9-10.) After Roberts took such action, Choate allegedly amended its complaint in Lake County to include knowingly false claims. (Doc. 1 at ¶ 6, 13.) Roberts asks the Court to enjoin Defendants from similar future conduct against Roberts and to impose an appropriate sanction against Defendants to deter similar future conduct against Roberts. (Doc. 1 at 6.)

---

[5] The Complaint does not state whether this other lawsuit between Roberts and Choate is currently pending, but that fact is immaterial to this Order.

[6] According to the Complaint, Roberts was subpoenaed to testify against Choate before the Occupational Safety and Health Review Commission ("OSHRC") (Doc. 1 at 14), in a case filed by the Equal Employment Opportunity Commission (Doc. 1 at 15), and in an arbitration in Atlanta, Georgia (Doc. 1 at 17). The Complaint does not affirmatively state whether such testimony occurred, but it is inferred because the years on such subpoenas are 2009, 2009, and 2010 respectively.

## II.     Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff, construing the allegations in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006) (citing Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 550 U.S. at 555 (citations omitted).  In its inquiry, the reviewing court must "draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

In addition to Rule 8 requirements, courts should show leniency to pro se litigants. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted); see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (stating that courts hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers).  "However, a *pro se* litigant must still meet minimal

3

pleading standards." Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citation omitted). "[L]eniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action . . . ." 132 F.3d at 1369.

**III.   Discussion**

Defendants argue, among other things, that Roberts' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Docs. 6, 14, 15, 20.) Defendants allege that the federal witness tampering statute, 18 U.S.C. § 1512 ("§ 1512"), which is the only claim Roberts pleaded in his Complaint, does not provide a private right of action. (Doc. 6 at 3-6; Doc. 14 at 4-5; Doc. 15 at 13-15; Doc. 20 at 18-19.)

The federal witness tampering statute makes it a crime for anyone to, among other things, intentionally threaten or intimidate another person in order to influence or prevent another person from testifying at an official proceeding.[7]  18 U.S.C. § 1512(b) (2006). However, § 1512 does not provide any language that creates a private right of action. See generally § 1512. The statute uses language such as *imprisonment*, *fine*, and *punished*, which are terms used in criminal statutes, and are not generally associated with civil remedies. See § 1512(b). In addition, Title 18, which encompasses § 1512, is titled "Crimes and Criminal Procedure."  See § 1512; Cf. Del Elmer v. Metzger, 967 F. Supp. 398, 403

---

[7] An official proceeding is defined as, among other things, "a proceeding before a judge or court of the United states . . . [or] a proceeding that is before a Federal Government agency which is authorized by law".  18 U.S.C. § 1515(1) (2006).  One of the subpoenas involved in this action was before the United States District Court for the Middle District of Florida (See Doc. 1 at 15), and another was before the OSHRC (see Doc. 1 at 14).

4

(S.D. Cal. 1997) ("Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code."). Many courts have held that the federal witness tampering statute does not provide a private right of action, and therefore, individuals may not sue under this statute. See Johansson v. Emmons, No. 6:09-cv-2053-Orl-19KRS, 2010 WL 457335, at *8 (M.D. Fla. Feb. 4, 2010) ("The federal witness tampering statute only contemplates the criminal penalties of imprisonment and fine, not any private right of action." (citing § 1512(b)-(c))); Baker v. City of Hollywood, No. 08-60294-CIV, 2008 WL 2474665, at *9 (S.D. Fla. June 17, 2008) ("Nothing in 18 U.S.C. § 1512 suggests that it creates a private right of action." (citation omitted)); Gipson v. Callahan, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997) (holding the plaintiff had no private cause of action under § 1512 because § 1512 makes obstruction of justice a federal crime).

Although the Court is required to give leniency to pro se complaints, the Court cannot create a right of action where one does not exist. Because Roberts is a private citizen, he does not have a right to sue under § 1512.[8] Granting Roberts leave to amend would be futile because § 1512 does not provide Roberts with a right to sue in an individual capacity. Accordingly, the Complaint is **DISMISSED with prejudice.**

Accordingly, it is hereby

---

[8] Mr. Roberts suggests that the Court should refer the matter to federal prosecutors for investigation in this circumstance. However, this is not the proper role of the Court. Nevertheless, there is nothing preventing Mr. Roberts from directly asking either the State Attorney's Office or the United States Attorney's Office to undertake an investigation of his allegations.

**ORDERED**:

Defendants' Motions to Dismiss for failure to state a claim (Docs. 6, 14, 15, 20) are **GRANTED**. Plaintiff's Complaint is dismissed with prejudice and the Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of October, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

ah.
Copies:

Counsel of record
Pro se Plaintiff